---

### In re THAW.

(District Court, W. D. Pennsylvania, October 20, 1908.)

#### No. 4,290.

BANKRUPTCY (§ 237*)—EXAMINATION OF BANKRUPT PRISONER—HABEAS CORPUS TO REQUIRE PRODUCTION FOR EXAMINERS.

While Rev. St. § 753 (U. S. Comp. St. 1901, p. 592), authorizes a federal court to issue a writ of habeas corpus for a prisoner when "necessary to bring the prisoner into court to testify," such power will not be exercised except in case of necessity, especially where the prisoner is confined by authority of a state court; and such writ will not be granted to require the production of a bankrupt for examination under Bankr. Act July 1, 1898, c. 541, § 21a, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3430), where he is confined in a hospital for the criminal insane in another state under a judgment of a court of such state, the taking of his testimony by deposition being also authorized by such section.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 237.*]

In Bankruptcy.

See, also, 166 Fed. 71.

Stone & Stone and Albert P. Meyer, for plaintiff.
Asa Bird Gardiner, for defendant.

YOUNG, District Judge. This is a writ of habeas corpus ad testificandum. The respondent moves the court to quash the writ and dismiss the proceeding.

The writ was granted upon the petition of the relator, setting out that the evidence of Henry Kendall Thaw was necessary in a certain proceeding in bankruptcy, pending in this district. As is customary in such proceedings, it not appearing from the petition that the writ ought not to issue, the usual order was made, allowing the writ, and the case now comes before us to determine the whole matter. It is not in the nature of an appeal from the order of the court granting the writ, but is the proper and orderly consideration of the whole matter after the service of the writ and the return of the respondent.

It appears from the record that, Thaw having filed his petition in bankruptcy, it became necessary to subject him to the usual examination provided by the act of Congress (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]). The referee, having made an order for his examination, it was found that he was beyond the jurisdiction of the court, and in the custody of Dr. Lamb, superintendent of the Matteawan State Hospital for the Criminal Insane in the state of New York, where he had been committed by the Supreme Court of the state of New York as an insane criminal. This writ was then al-

lowed, directed to Dr. Lamb, to produce the body of the prisoner to testify in the bankruptcy matter now pending in this court.

Section 753 of the Revised Statutes (U. S. Comp. St. 1901, p. 592) provides that:

"The writ of habeas corpus shall in no case extend to a prisoner in jail, unless," among other things, "it is necessary to bring the prisoner into court to testify."

We have, then, in this section the authority to grant the writ to bring a prisoner from his place of confinement to testify; but the power should only be exercised when there is necessity of having the evidence of the prisoner. Unless the necessity is so great that the ends of justice may be defeated if the evidence were not produced, the court of the jurisdiction where the evidence is needed will be slow to grant a writ which will remove a person confined by the court of another jurisdiction from his place of confinement. The comity that exists between courts, the reluctance of federal courts to interfere with the jurisdiction of state courts, will and ought to restrain us from interfering with the orderly and effective administration and execution of the law in sister courts.

After a careful examination of this record, in the light of the law and practice, as we understand it and have indicated, we have concluded that no necessity has arisen for the bringing of the prisoner away from his proper place of confinement into this district. If his evidence is necessary, his deposition can be taken. Section 21, cls. "a" and "b," of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430]), provide all the means for a thorough examination of the bankrupt.

The writ must therefore be quashed, and the petition dismissed, with costs.